UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LINDA JACKSON; GLORIA WOLDEIT; and MICHAEL FAIN,

        Plaintiffs,

    v.

JEAN KACZMAREK, in her official capacity as DuPage County Clerk and Election Authority for DuPage County; ED POPE; CHODRI MA KHOKHAR; and MIKE ONTIVEROZ; ILLINOIS STATE BOARD OF ELECTIONS,

        Defendants.

Case No. 2021 cv 2168

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

NOW COME Plaintiffs Linda Jackson, Gloria Woldeit, and Michael Fain, and for their Complaint for Declaratory Judgment and Injunctive Relief, states as follows:

### NATURE OF THE CASE

1. This is an action to declare unconstitutional section 17-16.1 of the Illinois Election Code, 10 ILCS 5/17-16.1, as applied to plaintiff Linda Jackson by the DuPage County Clerk in connection with the April 6, 2021 Consolidated Election. This action seeks to enjoin the DuPage County Clerk's current application and enforcement of section 17-16.1 as applied to Linda Jackson, in order that write-in votes for Linda Jackson and votes cast for Linda Jackson before April 2, 2021 may be canvassed and certified by the DuPage County Clerk.

1

## PARTIES

2. Plaintiff Linda Jackson ("Jackson") is the current president of the Village of Glendale Heights and was a presidential candidate at the April 6, 2021 Consolidated Election. She has served in that office since she was first elected in 2001 and has been re-elected on four occasions.

3. Gloria Woldeit is a resident of the Village of Glendale Heights, a registered voter therein, and cast an early vote for Linda Jackson for President of the Village of Glendale Heights at an early voting location.

4. Michael Fain is a resident of the Village of Glendale Heights, a registered voter therein, and cast a write-in vote for Linda Jackson for President of the Village of Glendale Heights.

5. Chodri Ma Khokhar is one of the candidates for president of the Village of Glendale Heights and is added as a defendant in this matter because he is impacted by the relief sought herein.

6. Mike Ontiveroz is one of the candidates for president of the Village of Glendale Heights and is added as a defendant in this matter because he is impacted by the relief sought herein.

7. Ed Pope was a candidate for president of the Village of Glendale Heights and is added as a defendant in this matter because he may be impacted by the relief sought herein.

8. Defendant Jean Kaczmarek, named here in her official capacity only, is the duly elected DuPage County Clerk. As the DuPage County Clerk, Kaczmarek is the designated election authority for DuPage County pursuant to Section 1-3(8) of the Election Code, 10 ILCS 5/1-3(8). As the election authority for DuPage County, the DuPage County Clerk is responsible for preparing the ballot, canvassing the votes at the April 6, 2021 Consolidated Election and certifying the election results. See 10 ILCS 5/22-17 and 10 ILCS 5/22-18. The office of the DuPage County Clerk is located at 421 N. County Farm Road, Wheaton, Illinois, 60187.

2

9.  The Illinois State Board of Elections is named herein, as it has general supervision over the administration of election laws throughout the State of Illinois, 10 ILCS 5/1A-1.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action by virtue of 28 U.S.C. § 1331 (federal question jurisdiction), this being a case arising under the United States Constitution and 42 U.S.C. § 1983; 28 U.S.C. § 2201 (authorizing declaratory relief); 28 U.S.C. § 2202 (authorizing injunctive relief); and 28 U.S.C. § 1367 (supplemental jurisdiction).

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b).

## FACTUAL BACKGROUND

12. Jackson filed nominating papers to run for President of the Village of Glendale Heights in the April 6, 2021 Consolidated Election.

13. An objection was filed to Jackson's nominating papers, and an evidentiary hearing then took place before the Glendale Heights Municipal Officers Electoral Board ("Electoral Board"). On February 4, 2021, the Electoral Board overruled the objections, thereby affirming that Jackson was entitled to have her name on the ballot as a candidate for Village President.

14. The decision of the Electoral Board was appealed to the Circuit Court for the 18th Judicial Circuit, DuPage County, Illinois, where, on February 19, 2021, Judge Bonnie Wheaton affirmed the decision of the Electoral Board that Jackson's name was entitled to be on the ballot for Village President.

15. The decision of Judge Wheaton was the appealed to the Illinois Second District Appellate Court, and by order entered March 8, 2021, the Appellate Court affirmed the decision of Judge Wheaton and the Electoral Board that Jackson's name was entitled to be on the ballot. See *Corbin v. Schroeder,* 2021 IL App (2d) 210085-U (March 8, 2021).

16. Thus, by March 8, 2021, less than 30 days before the date of the Consolidated Election, the finder of fact (the Electoral Board) and two levels of judicial review had concluded that Jackson was entitled to have her name on the ballot for the April 6, 2021 Consolidated Election.

17. Early voting and military overseas voting for the Consolidated Election commenced on February 25, 2021. Thus, during the time that Jackson's nominating papers were being challenged, Jackson's name was on the ballot and voters had the option of voting for Jackson as candidate for Village President.

18. Registered voters in the Village of Glendale Heights who requested a vote by mail official ballot, received a ballot with the name of Jackson as a candidate for Village President and had the option of voting that ballot at one of the early voting sites in DuPage County or by returning the ballot via U.S. Mail or other acceptable means.

19. The DuPage County Clerk has acknowledged that, in fact, voters in the Village of Glendale Heights cast votes for Jackson for Village President.

20. During the period of time that early voters and overseas voters, including military voters, were casting their ballot for Village President, on Friday afternoon April 2, 2021, mere days before election day, the Illinois Supreme Court entered an order stating that the judgment of the appellate court is reversed. A copy of the Illinois Supreme Court's order is attached hereto as Exhibit A.

21. Immediately following the issuance of the April 2 order by the Illinois Supreme Court, Jackson filed with the DuPage County Clerk a Declaration of Intent to be a Write-In Candidate ("Declaration of Intent") for the office of Village President in the Village of Glendale Heights. The Declaration of Intent was in the form required by section 17-16.1 of the Illinois Election Code, 10 ILCS 5/17-16.1. A copy of the Declaration of Intent filed by Jackson is attached hereon as Exhibit B.

4

22. Following April 2 order, the DuPage County Clerk filed an emergency motion to supplement the Supreme Court's Order. Without hearing further argument or accepting additional briefing, the Illinois Supreme Court issued an additional Order, on Election Day, directing the DuPage County Clerk to suppress the report of votes cast for Jackson, to not canvass the votes for Jackson, and to certify the official results of the election exclusive of Jackson's name. A copy of the order is attached hereto as Exhibit C. The order was silent with respect to write-in votes.

23. Despite Jackson filing the Declaration of Intent immediately upon learning of the Illinois Supreme Court's April 2 order, the DuPage County Clerk has indicated that she will not recognize the Declaration of Intent and will not count write-in votes that are cast for Jackson because Jackson filed the Declaration of Intent four days before the election.

24. In fact, the DuPage County Clerk issued a "NOTICE TO VOTERS" advising voters of the Supreme Court's April 2 order and then went further than the April 2 order and told voters that "NO WRITE-IN VOTES CAST WILL BE TABULATED…" A copy of the "NOTICE TO VOTERS" was given on Election Day to voters in precincts that vote for President of the Village of Glendale Heights and was also posted on the website of the DuPage County Clerk at www.dupageco.org/election/ (last visited 4/21/21). The notice remains posted on the website. A copy of the notice is attached hereto as Exhibit D.

25. The DuPage County Clerk has indicated that she will not canvass votes that Jackson received via early, military-overseas, or mail-in voting.

26. Currently, the canvass of the vote by the DuPage County Clerk is taking place and by statute the deadline to canvass the results and declare the winner of the election is April 27, 2021. See 10 ILCS 5/22-17 and 10 ILCS 5/22-18. The DuPage County Clerk's website states that "Election

5

Results will become Official upon Canvassing on Tuesday, April 27, 2021." See www.dupageco.org/election/ (last visited 4/21/21).

27. Community support for Jackson is very strong and many voters have indicated to Jackson that they cast their ballot for Jackson, including voters who indicated that they cast write-in votes for Jackson notwithstanding the statement from the DuPage County Clerk that write-in votes will not be tabulated.

28. Plaintiffs Gloria Woldeit and Michael Fain are both legal and registered voters in the Village of Glendale Heights. Plaintiff Woldeit cast an early vote for Jackson for Village President and Plaintiff Fain cast a write-in vote for Jackson for President of the Village of Glendale Heights.

## COUNT I
## RIGHT TO EQUAL PROTECTION AND DUE PROCESS

29. The allegations contained in all the preceding paragraphs and incorporated into this paragraph by reference.

30. The write-in statute for Illinois provides in pertinent part as follows:

> Write-in votes shall be counted only for persons who have filed notarized declarations of intent to be write-in candidates with the proper election authority or authorities not later than 61 days prior to the election. However, whenever an objection to a candidate's nominating papers or petitions for any office is sustained under Section 10-10 after the 61st day before the election, then write-in votes shall be counted for that candidate if he or she has filed a notarized declaration of intent to be a write-in candidate for that office with the proper election authority or authorities not later than 7 days prior to the election.

10 ILCS 5/17-16.1

31. While there is no fundamental right to seek elected office, the U.S. Supreme Court has recognized that ballot access laws place burdens on the rights of individuals to associate for the advancement of political beliefs, and places burdens on the rights of qualified voters to cast their vote effectively, both of which rank among the most precious of freedoms.

6

32. The whole purpose of the ballot as an institution is to obtain a correct expression of voter intention

33. As applied to the plaintiffs under the circumstances, the Illinois write-in law unduly burdens and violates Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

34. Plaintiff was put in a position where it was impossible to comply with 10 ILCS 5/17-16.1 and the election laws of Illinois as interpreted by case law, and Jackson's voters were deprived of the opportunity to support and associate with the candidate of their choosing.

35. If Jackson had filed a Declaration of Intent 61 days prior to election day, a time when her candidacy was deemed valid and her name was on the ballot, by selecting to be a write-in candidate she would have forfeited the right to have her name printed on the ballot and votes counted for her. But by the time the Illinois Supreme Court's order came down on April 2, Jackson was beyond the "7 days prior to election" timeframe of section 17-16.1.

36. A limitation on right to access the ballot is unconstitutional if it unduly restricts the rights of groups to gain access to the ballot, or if it dilutes or debases the right to vote. *Illinois State Bd. of Elections v. Socialist Workers Party,* 440 U.S. 173, 185 (1979).

37. Under the circumstances presented here, there are no interests of the DuPage County Clerk or State of Illinois that justify the burden imposed by the write-in law on the Plaintiffs.

38. A real and actual controversy exists between the parties.

39. Plaintiffs have no remedy at law other than this action.

40. Plaintiffs are suffering, and will continue to suffer, irreparable harm until they obtain relief from this Court.

**WHEREFORE,** Plaintiffs respectfully pray that the Court grant the relief set forth in the prayer for relief below.

## COUNT II
## RIGHT TO PETITION AND SPEECH

41. The allegations contained in all the preceding paragraphs and incorporated into this paragraph by reference.

42. Plaintiffs' rights to petition and speech are protected by the First Amendment to the United States Constitution.

43. As applied to the plaintiffs under the circumstances, the Illinois write-in law unduly burdens and violates Plaintiffs' rights to petition and free speech.

44. Under the circumstances presented here, there are no interests of the DuPage County Clerk or State of Illinois that justify the burden imposed by the write-in law on the Plaintiffs.

45. A real and actual controversy exists between the parties.

46. Plaintiffs have no remedy at law other than this action.

47. Plaintiffs are suffering, and will continue to suffer, irreparable harm until they obtain relief from this Court.

**WHEREFORE,** Plaintiffs respectfully pray that the Court grant the relief set forth in the prayer for relief below.

## COUNT III
## ILLINOIS CONSTITUTION

48. The allegations contained in all the preceding paragraphs and incorporated into this paragraph by reference.

49. The right to vote is a fundamental right in Illinois. *Orr v. Edgar,* 283 Ill. App. 3d 1088, 1100 (1st Dist. 1996). Plaintiffs' right to ballot access is protected by the Illinois Constitution in Article XIV,

8

Section 3; Article VII, Section 11; and Article III, Section 3 ("All election shall be free and equal"). Uniform application of ballot access requirements is required under Article I, Section 2 of the Equal Protection Clause of the Illinois Constitution.

50. As applied to the Plaintiffs under the circumstances, the Illinois write-in law unduly burdens and violates Plaintiffs' rights to petition and free speech, to equal protection of the laws, and to free and equal elections under the Illinois Constitution.

51. Under the circumstances presented here, there are no interests of the DuPage County Clerk or State of Illinois that justify the burden imposed by the write-in law on the Plaintiffs.

52. A real and actual controversy exists between the parties.

53. Plaintiffs have no remedy at law other than this action.

**WHEREFORE,** Plaintiffs respectfully pray that the Court grant the relief set forth in the prayer for relief below.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for the following relief:

A. Assume original jurisdiction over this matter;

B. Issue a temporary restraining order and/or preliminary injunction enjoining or modifying enforcement of section 17-16.1 of the Illinois Election Code as applied to the DuPage County Clerk and Plaintiff Linda Jackson; and with respect to canvassing of the results of the April 6, 2021 Consolidated Election, order that the DuPage County Clerk is required to (i) canvass write-in votes cast for Linda Jackson, (ii) canvass votes counted prior to April 2, 2021, and (iii) and certify the results of the April 6, 2021 Consolidated Election with Linda Jackson's name as a valid write-in candidate;

9

C. Extend the April 27, 2021 deadline to canvass the results of the April 6, 2021 Consolidated Election and certify the winner, if an extension of time is necessary for the DuPage County Clerk to canvass votes and certify the winner consistent with the relief sought herein;

D. Issue a declaratory judgment stating that, in light of the facts in this case, section 17-16.1 of the Election Code is unconstitutional as applied to Plaintiffs;

E. Order Defendants to pay the Plaintiffs their costs and reasonable attorneys' fees under 42 U.S.C. § 1988(b); and

F. For such other and further relief as appropriate.

Respectfully submitted,

LINDA JACKSON; GLORIA WOLDEIT; MICHAEL FAIN,

By: _____/s/ Kenneth M. Florey_____
One of the Attorneys for Plaintiffs

Kenneth M. Florey (6211374)
M. Neal Smith (6284023)
**ROBBINS, SCHWARTZ, NICHOLAS,**
  **LIFTON & TAYLOR, LTD.**
550 Warrenville Road, Suite 460
Lisle, Illinois 60532-4311
(630) 929-3639
kflorey@robbins-schwartz.com
nsmith@robbins-schwartz.com

Kory Atkinson
**Law Office of Kory Atkinson**
236 West Lake Street, Suite 100
Bloomingdale, Illinois 60108
(630) 980-9100
kaa@koryatkinson.com

10

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in the "Verified Complaint for Declaratory Judgment and Injunctive Relief" are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that she verily believes the same to be true.

_Linda Jackson_
Linda Jackson

11

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in the "Verified Complaint for Declaratory Judgment and Injunctive Relief" are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that she verily believes the same to be true.

Gloria Woldeit

12

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in the "Verified Complaint for Declaratory Judgment and Injunctive Relief" are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that he verily believes the same to be true.

Michael Fain